United States District Court
Southern District of Texas
**ENTERED**
July 21, 2016
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-16-170-4 |
| | § | |
| | § | |
| MUHAMMAD SHARIQ SIDDIQI *in custody* | § | |

## Order

Pending before this court is defendant's motion to revoke detention order and set conditions of release (Dkt. 164) filed by Muhammad Shariq Siddiqi ("Defendant") and the Government's response opposing defendant's motion to revoke detention order and conditions of release (Dkt. 175). After carefully reviewing the arguments of counsel, the exhibits, the applicable law, the findings of Judge Stacy and a thorough review of the transcript of the arraignment and detention hearing (Dkt. 164, Exhibit 2), the court finds that the motion should be denied.

When considering a motion to revoke a detention order, 18 USC §3142 (g) enumerates the factors which shall be considered by this court in determining whether conditions could be set to reasonably assure a defendant's appearance as required. Specifically, §3142 (g) directs this court consider "(1) the nature and circumstances of the offense charged…; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, community ties, employment, financial resources, length of residence in the community, community ties, past conduct…..criminal history, and record of concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

This court has conducted its own independent *de novo* review of the facts as adduced at the detention hearing held on May 24, 2016, and the pleadings of the parties and the exhibits attached thereto, and finds that defendant's motion offers nothing new that has not already been heard or was not known by the defendant at the time of the original detention hearing.

Furthermore, this court finds that the credible testimony adduced at the May 24, 2016 hearing and the additional information submitted by the parties through their proffered exhibits, which were either introduced below or are cumulative in effect, are sufficient for this court to render its decision without a second hearing. Therefore, the court finds that a second detention hearing is unnecessary and the defendant's request for a second hearing is DENIED.

This court further finds that U. S. Magistrate Judge Frances H. Stacy's findings of fact and her decision that the defendant had failed to rebut the statutory presumptions of flight and dangerousness to others and the community are well supported by the record and the submissions filed by the parties with this court. This court's *de novo* review of the evidence int his case is consistent with those found by Judge Stacy. This court adopts Judge Stacy's findings of fact and legal conclusions as detailed in her Order of Detention Pending Trial finding the evidence is sufficient by a preponderance of the evidence to establish the defendant poses a serious risk of flight, and there is no condition or combination of conditions which will reasonably assure the appearance of the defendant as required under the Bail Reform Act, 18 USC § 3142(f). Further, for similar reasons, the court adopts Judge Stacy's Order finding there is clear and convincing evidence that the defendant poses a danger to others and the community, and there are no conditions or combination of conditions that will reasonably assure the safety of others or the community as required under the Bail Reform Act, 18 USC § 3142(f).

The court further finds that the defendant's continued detention pending trial for a period of approximately ten months from the date of arrest to trial in March 2017 pursuant to the granting of the Government's motion to certify the case complex, to which the defendant was unopposed, does not violate the defendant's 5th Amendment due process rights.

Accordingly, Defendant's Motion to Revoke Detention Order and Set Conditions of Release is DENIED.

The defendant is hereby committed to the custody of the Attorney General and his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of the attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas on July 21, 2016.

Gray H. Miller
United States District Judge